**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-50570
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO DEHOYOS-MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:06-CR-210-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pedro Dehoyos-Martinez, federal prisoner # 67282-180, appeals the denials of his motion for mandamus relief, filed pursuant to 28 U.S.C. § 1361, and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for reconsideration of the denial of that motion. He has filed a motion to proceed in forma pauperis ("IFP") on appeal, which we construe as challenging the district court's certification that his appeal is not taken in good faith pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997).

Dehoyos-Martinez argued that he is a United States citizen, derived through his mother, and that his conviction of illegal reentry must therefore be vacated. He asked the district court to take judicial notice of his citizenship and to compel the United States Attorney and the magistrate judge to set aside his conviction.

Dehoyos-Martinez has failed to meet the three requirements for obtaining mandamus relief. *See United States v. Williams*, 400 F.3d 277, 280-81 (5th Cir. 2005). He has not obtained a certificate of citizenship from the Department of Homeland Security. *See* 8 U.S.C. § 1452(a) (West 2009); 8 C.F.R. § 341.1 (2009). Because the United States Attorney has informed him that the United States Attorney's office would petition to set aside his conviction if he were to obtain that certificate of citizenship, Dehoyos-Martinez has other available means of relief. Moreover, without a certificate of citizenship, he has not shown that he has a clear and indisputable right to mandamus relief under these circumstances.

The certification that the appeal is not taken in good faith is upheld, the motion for IFP on appeal is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.